LINDA JOY KATTWINKEL, SBN 164283
ljk@owe.com
LAWRENCE G. TOWNSEND, SBN 88184
ltownsend@owe.com
OWEN, WICKERSHAM & ERICKSON, P.C.
One Concord Center
2300 Clayton Rd., Ste. 1400
Concord, California 94520
415-882-3200 Tel
415-882-3232 Fax

*Attorneys for Plaintiff*
LEGENDARY MERMAID, LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGENDARY MERMAID, LP, dba LA SIRENA WINERY, a California Limited Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> CAL COASTAL COMMUNITIES, INC., a California Corporation, and COASTLINE VINEYARDS LLC, a California Corporation, <br><br> Defendants | Civil Action No. _____ <br><br> ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF <br><br> COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR: <br><br> 1) Federal Trademark Infringement 15 U.S.C. §1114 et seq. <br><br> 2) Federal Unfair Competition, False Designation of Origin and Common Law Trademark Infringement 15 U.S.C. § 1125(a) <br><br> Demand for Jury Trial |

Plaintiff, Legendary Mermaid, LP, dba La Sirena Winery for its complaint against defendants Cal Coastal Communities, Inc. and Coastal Vineyards LLC (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action to redress violations of federal trademark laws, 15 U.S.C. §1114, et seq., and federal laws of unfair competition, 15 U.S.C. §1125(a) et seq., as amended, as the result of willful and unauthorized use by Defendants of Plaintiff's intellectual property, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining infringement by Defendants of Plaintiff's trademarks, damages as the direct and proximate result thereof, and related relief.

## THE PARTIES

2. Plaintiff Legendary Mermaid, LP, dba La Sirena Winery ("Plaintiff") is a California Limited Partnership having a business address at 3520 Evey Road, Calistoga CA 94515.

3. Plaintiff is informed and believes, and upon that basis alleges, that Defendant Cal Coastal Communities, Inc. is a California corporation with a principal place of business located at 6900 El Camino, Atascadero CA 93422.

4. Plaintiff is informed and believes, and upon that basis alleges, that Defendant Coastal Vineyards LLC is a California corporation with a principal place of business located at 3775 Adelaida Road, Paso Robles, CA 934466.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue in the Central District of California is proper pursuant to 28 U.S.C.§§ 1391(b) and1391(c), because (i) Defendants have sufficient connection with the Central District of California to make venue proper and/or (ii) Defendants and or their agents reside or may be found in the District.

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Intellectual Property

7. Plaintiff was founded and has been helmed by Heidi Barrett, one of America's most renowned winemakers. Ms. Barrett has been the talent behind such famous brands as La Sirena, Screaming Eagle, Dalle Valle, Amuse Bouche, and Barrett & Barrett. She is popularly referred to as "the First Lady of Wine," "The Wine Diva of Napa Valley," and the "Queen of Cult Cabernet." Her reputation is well-earned, having made wine for over two dozen Napa wineries in her career, and having received at least ten100-point rated wines in her career so far.

8. Plaintiff has been using the LA SIRENA trademark, the names La Sirena Winery and La Sirena Wine, and its mermaid design trademark (collectively, "LA SIRENA Marks") for its premium wines and wine tastings at its La Sirena vineyard for thirty-one years, throughout California and the United States.

9. Plaintiff owns two incontestable federal trademark registrations for its LA SIRENA marks as set forth below and shown in the true and correct copies of the current uspto.gov records for the registrations comprising Exhibit 1 hereto (the "Registered Marks"):

| Mark | Regis. No. | Regis. Date | Class | Goods |
|---|---|---|---|---|
| **LA SIRENA** | 4968449 | 05/31/2016 | 33 | Wine |
| LA SIRENA & Design:  | 2717450 | 05/20/2003 | 33 | Wine |

10. The English translation of "la sirena" is "the mermaid."

11. Since at least as early as 1996, Plaintiff has consistently employed mermaid references and imagery in connection with marketing its LA SIRENA wines and vineyard.

12. Since at least as early as 2002, Plaintiff has maintained the website located at https://www.lasirenawine.com/, which prominently features the Registered Marks on the top banner of the site in connection with its LA SIRENA wines and vineyard, as well as Plaintiff's LA SIRENA Marks throughout the site. True and correct representations of example pages from Plaintiff's lasirenawine.com website comprise Exhibit 2.

13. Plaintiff has prominently featured its LA SIRENA Marks on many of its wines, as shown for example on the website https://www.lasirenawine.com. Exhibit 2.

14. Since at least as early as 2011, Plaintiff has used the social media handle "@lasirenawinery."

## Defendants' Infringing Activities

15. On information and belief, sometime in 2022 or earlier, Defendants, through their predecessor in interest Sirena Resorts, LLC, began using the names "Sirena" and "Sirena Vineyard Resort" to identify a property located at 3775 Adelaida Road, Paso Robles, CA 93446 (the "Property") and to market to consumers its services on the Property, including a hotel, event space, retail sales including Defendants' own wines, and wine tasting services located on a vineyard. The Property has been consistently marketed with an emphasis on its vineyard setting on Defendants' website https://www.sirenaresorts.com, and through Defendants' social media handle "@sirenavineyardresort," and is advertised on various travel sites such as Trip Advisor and Airbnb under the name "Sirena Vineyard Resort." True and correct examples of current web pages from Defendants' sirenaresorts.com website and travel site listings comprise Exhibit 3.

16. The English translation of "sirena" is "mermaid."

17. Defendants have consistently employed mermaid imagery it their marketing of the "Sirena Vineyard Resort," including on many of Defendants' wine labels. Exhibit 3.

18. Plaintiff became aware of Defendants' use of the "Sirena" and "Sirena Vineyard Resort" names (collectively, "Infringing Marks") when consumers began tagging social media posts about Defendants' Property with Plaintiff's social media handle, thus demonstrating the consumers' mistaken belief that the parties are the same entity.

19. Upon learning of this consumer confusion, Plaintiff, through its intellectual property counsel, contacted Defendants' predecessor to request that Defendants stop using the Infringing Marks. Defendants' predecessor initially represented that it would change the Property name and stop using "sirena" in connection with the Property or its goods or services. Defendant Coastal Vineyards LLC later refused to do so, and Defendants have since ignored Plaintiff's many subsequent letters and email messages reflecting Plaintiff's attempt to reach an amicable resolution.

20. Meanwhile, consumers continue to incorrectly identify Defendants' Property with Plaintiff, including, for example, on social media posts. Visitors to Plaintiff's winery have asked whether Plaintiff also owns Defendants' Property. In September 2025, Plaintiff's Chicago event host Half and Half Pizza mistakenly used an image from Defendants' website to promote Plaintiff's wine tasting. True and correct representations of such confusion comprise Exhibit 4 attached hereto.

21. Plaintiff is informed and believes, and upon that basis alleges, that Defendants are continuing and likely to expand their use of the Infringing Marks, and, unless restrained by this court, will continue to infringe Plaintiff's LA SIRENA Marks, and unfairly compete with Plaintiff and cause harm to Plaintiff's reputation, by failing to stop using the Infringing Marks and thus allowing the

consumer confusion between the parties to continue. Plaintiff has no control over the nature and quality of the goods and services and marketing of the Property under the Infringing Marks.

## FIRST CLAIM FOR RELIEF
### Infringement of Federally Registered Trademarks
### 15 U.S.C. §1114 et seq.

22. Plaintiff restates and reavers the allegations of paragraphs 1 through 21, inclusive.

23. Plaintiff's LA SIRENA Registered Trademarks have been extensively used, advertised, and promoted throughout California and the United States in connection with Plaintiff's wines for nearly thirty years, well before Defendants' conduct set forth herein.

24. The Registered Trademarks are inherently distinctive and conclusively distinctive because the federal registrations are incontestable.

25. As a result of Plaintiff's use, advertisement and promotion of Plaintiff's Registered Trademarks, each of these trademarks has become well and favorably known throughout the United States as identifying Plaintiff as the source of LA SIRENA wines. Plaintiff has developed exceedingly valuable goodwill with respect to its Registered Trademarks.

26. The terms "la sirena" and "sirena" are essentially identical.

27. The Infringing Marks are identical and/or confusingly similar to Plaintiff's Registered Marks.

28. Defendants' resort services, including those that are related to wine, such as selling wines, hosting wine tastings, and promoting the vineyard setting as a valuable feature of the event and lodging services, are confusingly related to Plaintiff's wines.

29. Upon information and belief, Defendants have advertised, promoted, and provided services under the Infringing Marks despite being aware of the

consumer confusion with Plaintiff's Registered Trademarks caused by such use. Defendants have engaged in such conduct intentionally, repeatedly, and willfully.

30. Defendants' use of the Infringing Marks has caused and is likely to continue to cause members of the relevant public and trade to believe that Defendants' Property, services, and wines are provided by, in affiliation with, or under the sponsorship or approval of, Plaintiff.

31. Upon information and belief, Defendants willfully selected, adopted and/or used Plaintiff's Registered Trademarks for their Property and associated goods and services with knowledge of the valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead, and deceive the public into believing Defendants' goods and services come from Plaintiff or are in some manner associated with, approved or endorsed by Plaintiff. Defendants do so despite clearly being warned that such conduct constitutes infringement of Plaintiff's intellectual property.

32. Upon information and belief, unless restrained by this court, Defendants will continue to infringe Plaintiff's Registered Trademarks by their use of the Infringing Marks.

33. By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiff's reputation and goodwill.

34. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged in an amount to be ascertained, but believed to be in excess of $100,000.

35. Plaintiff has no adequate remedy at law.

36. Defendants' conduct constitutes an exceptional case justifying an award of attorneys' fees pursuant to 15 U.S.C. § 1117(a).

///
///
///

## SECOND CLAIM FOR RELIEF

### Federal Unfair Competition, False Designation of Origin and Common Law Trademark Infringement

### 15 U.S.C. § 1125(a)

37. Plaintiff restates and reavers the allegations of Paragraphs 1 through 36, inclusive.

38. Plaintiff's common law LA SIRENA, LA SIRENA WINERY, and LA SIRENA WINE names and marks (collectively, "Common Law Marks"), are inherently distinctive. Moreover, as described above, the Common Law Marks have been extensively used, advertised, and promoted throughout the United States and the world for many years in connection with Plaintiff's goods and services.

39. As a result of Plaintiff's use, advertisement and promotion of Plaintiff's Common Law Marks, each of these trademarks have become well and favorably known throughout the United States as identifying Plaintiff and Plaintiff's goods and services. Plaintiff has developed exceedingly valuable goodwill with respect to all of its Common Law Marks.

40. The terms "la sirena" and "sirena" are essentially identical.

41. The Infringing Marks are identical and/or confusingly similar to Plaintiff's Common Law Marks.

42. Defendants' resort services, including those that are related to wine, such as selling wines, hosting wine tastings, and promoting the vineyard setting as a valuable feature of Defendants' event and lodging services, are identical and/or confusingly related to Plaintiff's goods and services offered under the Common Law Marks.

43. Upon information and belief, Defendants have advertised, promoted, and provided services under the Infringing Marks despite being aware of the consumer confusion with Plaintiff's Common Law Marks caused by such use. Defendants have engaged in such conduct intentionally, repeatedly, and willfully.

44. Defendants' use of the Infringing Marks has caused and is likely to continue to cause members of the relevant public and trade to believe that Defendants' Property, services, and wines are provided by, in affiliation with, or under the sponsorship or approval of Plaintiff.

45. Upon information and belief, Defendants willfully selected, adopted and/or used Plaintiff's Common Law Marks for their Property and associated services with knowledge of the valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead, and deceive the public into believing Defendants' goods and services come from Plaintiff or are in some manner associated with, approved or endorsed by Plaintiff. Defendants do so despite clearly being warned that such conduct constitutes infringement of Plaintiff's intellectual property.

46. Upon information and belief, unless restrained by this court, Defendants will continue to infringe Plaintiff's Common Law Marks by their use of the Infringing Marks.

47. By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to Plaintiff's reputation and goodwill.

48. Defendants' aforesaid conduct constitutes federal unfair competition, false designation of origin and common law trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in violation of Plaintiff's exclusive rights in its Common Law Trademarks.

49. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged in an amount to be ascertained, but believed to be in excess of $100,000.

50. Plaintiff has no adequate remedy at law.

///
///
///
///

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. That Defendants, Defendants' agents, employees and licensees, and all persons or entities in active concert or participation with any of them who receive notice of the Court's Order, be preliminarily and permanently enjoined, pursuant to 15 U.S.C. § 1116, from:

    A. Using the terms SIRENA, SIRENA VINEYARD RESORT, SIRENA RESORT, or any other names or marks incorporating the word "sirena" in connection with the Property or any of Defendants' goods or services, or suggesting in any manner that Plaintiff is the source of, associated with, or sponsors the Property or Defendants' goods or services;

    B. Displaying or using any signage, website headings, domain names, or other materials that incorporate, reflect, or contain any unauthorized use of Plaintiff's LA SIRENA Marks or the Infringing Marks, and/or infringing Plaintiff's LA SIRENA Marks in any manner;

    C. Encouraging, facilitating, or allowing any third parties, including without limitation, Defendants' vendors and customers, to engage in any of the acts set forth in subsections 1.A and 1.B above;

    D. Otherwise infringing any of Plaintiff's LA SIRENA Marks;

    E. Otherwise competing unfairly with Plaintiff.

2. That Defendants be required to pay Plaintiff:

    A. Any and all profits made by Defendants as a result of the aforesaid infringements, together with interest thereupon in an amount presently unknown, as provided under and pursuant to 15 U.S.C. § 1117.

    B. Plaintiff's damages in an amount presently unknown, but believed to be in excess of $100,000, together with interest, as provided under and pursuant to 15 U.S.C. § 1117.

3. That Defendants be required to pay Plaintiff the costs of this action, together with Plaintiff's reasonable attorneys' fees, under 15 U.S.C. §1117(a).

4. That Plaintiff be awarded any other relief as this Court may deem just and proper.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: November 25, 2025     By _____
Linda Joy Kattwinkel
Lawrence G. Townsend

*Attorneys For Plaintiff,*
LEGENDARY MERMAID, LP

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues in the above-captioned action which are triable to a jury.

OWEN, WICKERSHAM & ERICKSON, P.C.

Dated: November 25, 2025       By _____

Linda Joy Kattwinkel
Lawrence G. Townsend

*Attorneys For Plaintiff,*
LEGENDARY MERMAID, LP